# IN THE COURT OF APPEALS OF IOWA

No. 21-1209
Filed June 15, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GARY L. BUNDY JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Guthrie County, Kimberly Smith, District Associate Judge.

A defendant appeals the sentence imposed following his guilty plea for stalking. **APPEAL DISMISSED.**

Seth J. Harrington (until withdrawal) of Harrington Law, LC, Urbandale, and Eric W. Manning, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Gary Bundy Jr. appeals the sentence imposed following his guilty plea for stalking, in violation of Iowa Code sections 708.11(2) and 708.11(3)(b)(1) (2021). Bundy argues the court erred in sentencing him because the record lacked a factual basis for the statutory provisions under which he pled guilty.

Bundy pled guilty to the charges in open court in August 2021. Based upon Bundy's statements, the prosecutor's statements, and the applicable minutes of testimony, the court found there was a factual basis for the plea and that the plea was knowing and voluntary. The court informed Bundy of his rights to: (1) have a presentence investigation report completed; (2) have sentencing set out fifteen days; and (3) file a motion in arrest of judgment. Bundy waived these rights and sought to be sentenced on the stalking charge immediately. Consistent with the plea agreement, the court imposed a five-year term of incarceration, plus certain financial penalties. On appeal, Bundy claims his sentence is illegal because the facts indicate he violated a no-contact order but not that he committed stalking.

The State argues Bundy's appeal should be dismissed for a lack of jurisdiction under Iowa Code section 814.6(1)(a)(3). This section requires good cause to establish a right of appeal from a conviction where, as here, the defendant has pled guilty and the crime is not a class "A" felony. Iowa Code § 814.6(1)(a)(3). While a challenge to the sentence rather than the underlying guilty plea would establish good cause, we find Bundy's claim is effectively challenging the underlying plea. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Bundy contends that an insufficient factual basis nonetheless amounts to good cause to allow the appeal. We have previously concluded that a claim of no factual basis

for a guilty plea does not establish good cause to appeal. *See State v. Manirabaruta*, No. 20-0025, 2021 WL 4890937, at *3 (Iowa Ct. App. Oct. 20, 2021) ("Until further directed by our supreme court, we decline to find good cause to grant [the defendant] a right to appeal based on his claim of no factual basis for his guilty plea."). Accordingly, we dismiss this appeal.

**APPEAL DISMISSED.**